# EXHIBIT A

Please accept this letter (the "Confirmation Letter") as confirmation of our firm, irrevocable and binding agreement (the "Transaction") to sell the Claims (defined below) at the Purchase Rate (defined below) to Deutsche Bank Securities Inc. on the following terms:

| | |
|---|---|
| **Trade Date:** | August 24, 2011 |
| **Seller:** | Kingate Global Fund Ltd. ("Global") and Kingate Euro Fund Ltd. ("Euro"), by and through their Joint Liquidators |
| **Buyer:** | Deutsche Bank Securities Inc. |
| **Debtor:** | Bernard L. Madoff Investment Securities LLC and its estate |
| **Trustee:** | Irving H. Picard, as trustee for the liquidation of the Debtor |
| **Case:** | *In re Bernard L. Madoff Investment Securities LLC*, SIPA Liquidation Adv. Pro No. 08-01789 (BRL), as substantively consolidated with *In re Bernard L. Madoff*, pending in the United States Bankruptcy Court for the Southern District of New York |
| **Claims:** | The "Global Claim" is comprised of: (A) all right, title and interest, whether legal, equitable or otherwise, in the Allowed[1] "claim" (as defined in 11 U.S.C. § 101(5)) of a "customer" for "net equity" (as such terms are defined in 15 U.S.C. §78lll) of Global against the Debtor in the Case; (B) all right, title and interest, whether legal, equitable or otherwise, in all rights to any recoveries of Global arising from or related to any forfeiture fund established pursuant to 28 C.F.R. Part 9 or otherwise (including, but not limited to, any such funds recovered pursuant to a settlement in (i) *United States of America v. $7,206,157,717 On Deposit at JPMorgan Chase, N.A. in the Account Numbers Set Forth on Schedule A*, No. 10-CV-9398 (S.D.N.Y.) (TPG)) and (ii) *United States of America v. $625,000,000 On Deposit at JPMorgan Chase, N.A. in the Account Numbers Set Forth on Schedule A*, No. 10-CV-9116 (S.D.N.Y.) (TPG)(RLE)) or any other restitution, remission or mitigation processes or funds, or from any other fund operated or administered by (or on behalf of) any entity, governmental or otherwise, (including the US Department of Justice) foreign or domestic (collectively, the "Forfeiture Funds") and (C) subject to the third sentence in this "Claims" section, any and all other claims, causes of actions or other rights related to, or in connection with, the foregoing subclauses (A) and (B). |
| | The "Euro Claim" is comprised of: (A) all right, title and interest, whether legal, equitable or otherwise in the Allowed "claim" of a "customer" for "net equity" of Euro against the Debtor in the Case; (B) all right, title and interest, whether legal, equitable or otherwise, in all rights to any of Euro arising from or related to the Forfeiture Funds and (C) subject to the third sentence in this "Claims" section, any and all other claims, causes of actions or other rights related to, or in connection with, the foregoing subclauses (A) and (B). |

---

[1] "Allowed" shall mean allowed as a valid, enforceable, liquidated, non-contingent, undisputed, unavoidable, and unsubordinated claim that is not subject to any actual or potential avoidance, reduction, set-off, offset, recoupment, recharacterization, subordination (whether equitable, contractual or otherwise, and whether pursuant to Section 510(c) of the United States Bankruptcy Code or otherwise), counterclaim, cross-claim, defenses, disallowance (whether under sections 502(b), (d), or (e) of the United States Bankruptcy Code or otherwise), impairment, objection, or any other challenges under any applicable law, whether foreign or domestic.

> For the avoidance of doubt, the Claims shall not include any of Seller's third-party litigation claims, which may be transferred to the Trustee in Seller's sole discretion.

**Global Claim Amount:** $938,862,953
**Euro Claim Amount:** $685,885,142

**Purchase Rate:** 66.00% of the Global Claim Amount and the Euro Claim Amount.

**Other Terms of the Transaction:**

Seller agrees that Seller shall cease any and all discussions or negotiations with other potential purchasers and will not solicit any other bids and will not respond in any way to any solicitation with respect to the Claims.

Buyer shall be the sole purchaser of the Claims and Buyer shall be the sole party with whom Seller shall negotiate the settlement of the Transaction contemplated herein.

All distribution and payments made on account of the Claims whether paid before, on or after the Trade Date shall be for the account of Buyer.

Seller agrees that it shall keep this Confirmation Letter and the terms contained herein strictly confidential subject to any applicable legal or regulatory obligations. Notwithstanding the foregoing, Seller shall not discuss this Confirmation Letter and the terms contained herein with any potential purchasers. Seller shall not disclose any discussions with Buyer to any other party.

The Transaction is subject to execution of a Purchase and Sale Agreement (governed by New York law) in a form that is reasonably and mutually agreed between Seller and Buyer and which Seller and Buyer shall negotiate in good faith.

This Confirmation Letter shall be governed by and construed in accordance with the laws of the State of New York, without regard to any conflicts of law provisions that would require the application of the laws of any other jurisdiction. Any controversies arising between Seller and Buyer under this Confirmation Letter and in connection with, or in relation to, the transaction contemplated herein will be determined in the federal or state courts located in the State of New York and the borough of Manhattan.

Sincerely,

Kingate Global Fund Ltd.

By: \
Name: William R Tacon \
Title: Joint Liquidator

Kingate Euro Fund Ltd.

By: \
Name: William R Tacon \
Title: Joint Liquidator

Agreed and accepted by:

Deutsche Bank Securities Inc.

By: \
Name:   Scott G Martin \
Title:   Managing Director

By: \
Name:   Duane Masucci \
Title:   Managing Director

03972.61603/4318604.2

3