UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEUTSCHE BANK SECURITIES INC., <br><br> Plaintiff, <br><br> v. <br><br> KINGATE GLOBAL FUND LTD. and KINGATE EURO FUND LTD., <br><br> Defendants. | Case No. 19-cv-10823 (ER) |

## STIPULATION AND [PROPOSED] CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

Upon agreement of the Parties for entry of an order pursuant to Federal Rule of Civil Procedure 26(c) and good cause having been shown for limiting the review, copying, dissemination, and filing of confidential and/or proprietary documents and information to be produced by any Party and their respective counsel or by any non-party in the course of discovery in this action, plaintiff Deutsche Bank Securities Inc. ("Plaintiff") and defendants Kingate Global Fund Ltd. and Kingate Euro Fund Ltd. ("Defendants") (each a "Party" and collectively the "Parties") hereby stipulate ("Confidentiality Stipulation") and the Court orders as follows:

**I.     PURPOSE AND DEFINITIONS**

1.     Purpose. The Parties enter this Confidentiality Stipulation to facilitate their production, exchange, and discovery of documents and testimony that they and, as appropriate, non-parties, agree merit confidential treatment ("Documents" or "Testimony").

2.     Definitions. As used herein:

(a)     "Confidential Information" means Documents or Testimony (i) that contain non-public personal identifying information, trade secrets, proprietary business information, or competitively or commercially sensitive information; or (ii) the disclosure of which would, in the

1

good faith judgment of the Producing Party, be detrimental to the conduct of the Producing Party's business or the business of any of the Producing Party's customers or clients. All copies of, summaries of, and information derived from Confidential Information are Confidential Information.

(b) "Highly Confidential Information" means Documents or Testimony the disclosure of which would, in the good faith judgment of the Producing Party, cause serious and irreparable competitive or other harm that cannot be avoided by less restrictive means. All copies of, summaries of, and information derived from Highly Confidential Information are Highly Confidential Information.

(c) "Protected Information" means Confidential Information or Highly Confidential Information.

(d) "Producing Party" means any Party or non-party producing Protected Information in this action.

(e) "Receiving Party" means any Party receiving Protected Information in this action.

## II.   PROTECTED INFORMATION

3. Designating Documents as Confidential or Highly Confidential. A Producing Party may designate Documents produced, or Testimony given, in connection with this action as "Confidential" or "Highly Confidential" either by (i) notation on each page of a Document so designated; (ii) in the case of electronically stored information produced in native format, by including "confidential" or "highly confidential" in the file or directory name; (iii) statement on the record of a deposition; (iv) written advice to counsel for the Parties; or (v) other appropriate means. These designations and the associated restrictions shall not apply to Documents or Testimony

that: (a) was, is, or becomes public knowledge, not in violation of this Confidentiality Stipulation; (b) was or is acquired from a non-party having the right to disclose such Documents or Testimony; or (c) the Receiving Party lawfully possessed prior to this Confidentiality Stipulation, <u>provided</u>, however, that nothing herein shall modify or vary the restrictions set forth in any other Order issued by the Court in this action providing for the sealing of any Document or Testimony. If a Producing Party inadvertently fails to designate Protected Information upon production, the Producing Party may designate it by written notice to counsel to the other Parties within a reasonable time after discovering that the Protected Information was produced without the proper designation.

    4.    <u>Objecting to a Confidentiality Designation</u>. The Receiving Party may, at any time, notify the Producing Party that the Receiving Party objects to the designation of Documents or Testimony as Protected Information. If the Producing Party does not agree to declassify or reclassify such Protected Information, the Receiving Party may move the Court for an order declassifying or reclassifying the Protected Information. If the Receiving Party does not file such a motion, the Parties shall continue to treat the Protected Information as originally designated. If the Receiving Party does file such a motion, the Parties shall treat the Protected Information as originally designated unless and until the Court rules otherwise. On such a motion, the Producing Party shall bear the burden of establishing the propriety of its designation of its Documents or Testimony as Protected Information.

    5.    <u>Confidential Information</u>. Except with the prior written consent of the Producing Party or by order of the Court, a Receiving Party shall not disclose Confidential Information to any person or entity except:

    (a)    personnel of Parties engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

(b) counsel for the Parties to this action and their associated attorneys, paralegals, and other professional and non-professional personnel (including support staff and outside copying services) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(c) expert witnesses or consultants retained by the Parties or their counsel to furnish services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; <u>provided</u>, however, that such Confidential Information is furnished, shown, or disclosed in accordance with paragraph 8;

(d) the Court and court personnel, if filed in accordance with paragraph 12;

(e) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown, or disclosed in accordance with paragraph 12;

(f) potential trial and deposition witnesses, if furnished, shown, or disclosed in accordance with paragraphs 11 and 12, respectively; and

(g) any other person agreed to in writing by the Producing Party.

6. <u>Highly Confidential Information</u>. A Receiving Party may disclose Highly Confidential Information pursuant to Paragraph 5 except that it may not disclose Highly Confidential Information to the persons enumerated in sub-paragraph 5(a) without the prior written consent of the Producing Party.

7. <u>Permissible Uses of Information</u>. The Receiving Party and its counsel may use Protected Information only for purposes of this litigation and for no other purpose without written consent of the Producing Party. Nothing in this Confidentiality Stipulation shall prevent or restrict

in any way a Producing Party's use or disclosure of its own Protected Information. A Producing Party's production of Protected Information does not waive the rights of any person or entity to privacy under any applicable law.

8.     Disclosure to Experts. Before a Receiving Party discloses any Protected Information to any person listed in paragraph 5(c), the Receiving Party shall provide to such person a copy of this Confidentiality Stipulation and obtain such person's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms.

9.     Confidential Treatment of Depositions. All depositions shall presumptively be treated as Confidential Information and subject to this Confidentiality Stipulation during the deposition and for a period of fifteen (15) days after a final transcript of the deposition in the action is received by counsel for each of the Parties.  At or before the end of such fifteen-day period, the deposition shall be classified appropriately by the Producing Party and, if not so classified within the specified period, shall cease to be protected under this Confidentiality Stipulation.

10.    Disclosure to Non-Parties. Should the need arise for any Party or, as appropriate, non-party, to disclose any Protected Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such Party or, as appropriate, non-party may do so only after taking such steps as the Court, upon motion of the Producing Party, shall deem necessary to preserve, to the extent feasible, the confidentiality of such Protected Information.

11.    Use at Depositions. This Confidentiality Stipulation shall not preclude counsel for any Party from using in preparation for, or during, any deposition in this action any Document or Testimony that has been designated as Protected Information. Any court reporter or deposition witness who is given access to Protected Information shall, prior thereto, be provided with a copy

of this Confidentiality Stipulation and shall execute the certificate, in the form of Exhibit A attached hereto, and comply with and be bound by its terms. Counsel for the Party obtaining the certificate shall, upon reasonable request, supply a copy to counsel for the Producing Party. If the court reporter or deposition witness refuses to sign the Confidentiality Stipulation, the Party introducing the Document or Testimony that has been designated Protected Information must instruct the court reporter or deposition witness on the record of their obligations as a recipient of Protected Information in accordance with paragraph 13.

12. <u>Filing in Court</u>. A Party who seeks to file with the Court any document reflecting or referring to another Party's (or non-party's) Protected Information must comply with Paragraph 3.ii of the Court's Individual Practices, effective May 27, 2020, for electronic filing under seal in civil and miscellaneous cases (as may be modified from time to time), which provides:

> Motions or Letter Motions for approval of sealed or redacted filings in civil and miscellaneous cases and the subject documents, including the proposed sealed document(s), must be filed electronically through the court's ECF system in conformity with the court's standing order, 19-mc-00583, and ECF Rules & Instructions, section 6.
>
> The motion must be filed in public view, must explain the particular reasons for seeking to file that information under seal and should not include confidential information sought to be filed under seal.
>
> Supporting papers must be separately filed electronically and may be filed under seal or redacted only to the extent necessary to safeguard information sought to be filed under seal.
>
> The proposed sealed document must be contemporaneously filed under seal in the ECF system and electronically related to the motion. The summary docket text, but not the sealed document, will be open to public inspection and should not include confidential information sought to be filed under seal.
>
> Where the motion seeks approval to redact information from a document that is to be publicly filed, the filing party shall: (a) publicly file the document with the proposed redactions, and (b) electronically file under seal a copy of the unredacted document

with the proposed redactions highlighted. Both documents must be electronically filed through the ECF system and related to the motion.

Any party unable to comply with the requirement for electronic filing under seal through the ECF system, or who has reason to believe that a particular document should not be electronically filed, must move for leave of the Court to file in the traditional manner, on paper.

13. <u>Recipient's Obligations</u>. Any person receiving Protected Information shall not reveal it to any person not entitled to receive it and shall use reasonable measures to store and maintain the Protected Information to prevent unauthorized disclosure.

14. <u>Compliance With an Order</u>. If a Receiving Party is called upon to produce Protected Information in order to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative body, the Receiving Party from which the Protected Information is sought shall (a) give written notice to the counsel for the Producing Party within five (5) business days of receipt of such order, subpoena, or direction; and (b) give the Producing Party five (5) business days to object to the production of such Protected Information. This paragraph shall not require any Party to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.

15. <u>Open Court</u>. If any Protected Information is used in open court during any court proceeding or lodged as a trial exhibit, the Protected Information shall lose its confidential status and become part of the public record, unless the Producing Party applies for and obtains an order from this Court specifically maintaining the confidential status of particular Protected Information. Prior to any court proceeding in which Protected Information is to be used, the Parties shall confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Protected Information.

16. <u>Improper Disclosure</u>. If Protected Information is disclosed to any person other than those authorized by this Confidentiality Stipulation, or if a Receiving Party learns that any Protected Information has been or is likely to be disclosed to such other persons, the Receiving Party shall immediately inform the Producing Party of all pertinent facts relating to the disclosure or loss of confidentiality, including, if known, the name, address, and employer of each person to whom the disclosure was made. The Receiving Party shall also make prompt, reasonable efforts to retrieve the improperly disclosed Protected Information and to prevent further disclosure of such Protected Information.

17. <u>No Waiver of Objections</u>. A Producing Party's production or disclosure of Protected Information shall not constitute a waiver of that Producing Party's right to object to the production or disclosure of other information in this action. Nothing in this Confidentiality Stipulation shall operate as an admission by any Party or non-party that any particular Document or Testimony is or is not confidential.

**III.   PRIVILEGED INFORMATION**

18. <u>Inadvertent Production of Privileged Information</u>. If a Party inadvertently produces or provides a document subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity or ground on which production of that information should not be made to any Party ("<u>Inadvertent Production Material</u>"), such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product, or other applicable privilege or immunity.

19. <u>Notice of Inadvertent Production Material</u>. A Producing Party must provide written notice to Receiving Parties that any information it has produced in this action is Inadvertent Production Material; <u>provided</u>, however, that if a Producing Party discovers the inadvertent

production during a deposition or hearing, it may provide oral notice during the deposition or hearing and provide written notice within two (2) business days; <u>further provided</u>, however, that if the Producing Party does not provide written notice within two business days, the notice shall not be effective. A Producing Party's written notice shall include sufficient information for Receiving Parties to assess the claim of privilege (that is, the information that the Producing Party would provide on a privilege log). A Producing Party's written notice shall constitute its representation that the Inadvertent Production Material has been reviewed by an attorney and there is a good faith basis for the Producing Party to assert an applicable privilege.

20. <u>Discovery of Inadvertent Production Material</u>. If a Receiving Party receives information that reasonably appears to be Inadvertent Production Material, it shall immediately provide written notice to counsel for the Producing Party.

21. <u>No Use of Inadvertent Production Material</u>. If a Receiving Party discovers or receives notice of Inadvertent Production Material it shall promptly: (a) refrain from any further examination or disclosure of the Inadvertent Production Material for any purpose; and (b) return the claimed Inadvertent Production Material to counsel for the Producing Party, or at its option destroy it, and certify in writing to that fact.

22. <u>Contesting Notice of Inadvertent Production Material</u>. A Receiving Party may apply to the Court for an order compelling production of claimed Inadvertent Production Material; <u>provided</u>, however, that (a) while such application is pending, the information in question shall be treated as Inadvertent Production Material; (b) in such an application, the moving Party may not assert as a ground for requesting such an order the fact or circumstance of the inadvertent production; and (c) in such an application, the moving Party may not refer to the content of the Inadvertent Production Material (or any portion thereof) that is the subject of such application;

further provided, however, that the moving Party may attach a copy of the claimed Inadvertent Production Material to its application for the purpose of requesting that the Court review the information *in camera*.

## IV.   GENERAL PROVISIONS

23.   Non-Parties. Any Party, in conducting discovery from non-parties in this action, shall provide any non-party from which it seeks discovery with a copy of this Confidentiality Stipulation to inform each such non-party of its rights herein. The production of any Protected Information by any non-party shall be subject to and governed by the terms of this Confidentiality Stipulation.

24.   Newly Joined Parties. If an additional party joins or is joined in this litigation, it shall not have access to Protected Information until it or its counsel has executed and filed with the Court its agreement to be fully bound by this Confidentiality Stipulation.

25.   Termination of the Action. Within sixty (60) days after the final termination of this action (including any appeals), a Receiving Party shall, at its option, either return all Protected Information produced by the Producing Party to the Producing Party or destroy it; provided, however, that the Receiving Party's counsel may retain copies of correspondence, documents constituting work product, pleadings, motion papers, discovery responses, deposition transcripts, and deposition and trial exhibits containing such Protected Information. If a Producing Party chooses to destroy Protected Information, it shall certify in writing within sixty (60) days of the final termination of this action that it has used its best efforts to destroy all such Protected Information and that all such Protected Information have been destroyed to the best of its knowledge.

26. <u>Rules of Professional Conduct</u>. This Confidentiality Stipulation shall not be interpreted in a manner that would violate any applicable rules of professional conduct.

27. <u>Other Engagements</u>. Nothing in this Confidentiality Stipulation shall prohibit or interfere with the ability of counsel for any Receiving Party, or of experts specially retained for this case, to represent any individual or other entity adverse to any Party or non-party or their affiliate(s) in connection with any other matter.

28. <u>No Prejudice</u>. Entering this Confidentiality Stipulation, producing or receiving Documents or Testimony, or otherwise complying with the terms of this Confidentiality Stipulation, shall not:

(a) Prejudice the rights of any Party to (i) seek production of documents or information it considers subject to discovery; or (ii) object to the production of documents or information it considers not subject to discovery;

(b) Prejudice the rights of any Party to seek a determination by the Court whether any document should be subject to the terms of this Confidentiality Stipulation;

(c) Preclude any Party from objecting to discovery that it believes to be otherwise improper.

29. <u>Seeking Relief from Court</u>. Any Party or non-party may seek relief from, or modification of, this Confidentiality Stipulation or any provision thereof by properly noticed motion to the Court.

30. <u>Continued Effect</u>. Absent written consent of the Parties, this Confidentiality Stipulation shall continue to be binding after the conclusion of this action except that (a) there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) a Receiving Party may seek the written permission of the Producing Party or

further order of the Court with respect to dissolution or modification of the Confidentiality Stipulation.

31. <u>No Privilege Waiver</u>. Nothing herein shall be deemed to waive any privilege recognized by law, including any applicable common law or statutory privilege or work product protection, or shall be deemed a concession as to the admissibility in evidence of any facts, documents, or testimony revealed in the course of disclosure.

32. <u>Compliance Pending Entry</u>. The Parties agree to be bound by the terms of this Confidentiality Stipulation pending the entry by the Court of this Confidentiality Stipulation, and any violation of its terms shall be subject to the same sanctions and penalties as if this Confidentiality Stipulation had been entered by the Court.

33. <u>Amendment</u>. This Confidentiality Stipulation may be changed by further order of this Court and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular Document or Testimony.

34. <u>Counterparts</u>. This Confidentiality Stipulation may be signed in counterparts, which, when fully executed, shall constitute a single original and electronic signatures shall be deemed original signatures.

Dated: New York, New York
      July 12, 2021

By: _____          By: _____
    Glenn M. Kurtz                               Philippe Z. Selendy
    Andrew W. Hammond                            Caitlin Halligan
    Jacqueline L. Chung                          Andrew R. Dunlap
    Timothy L. Wilson, Jr. (admitted *pro hac*   Lena Konanova
    *vice*)                                      Oscar Shine
    **WHITE & CASE LLP**                         **SELENDY & GAY PLLC**
    1221 Avenue of the Americas                  1290 Avenue of the Americas
    New York, NY 10020                           New York, NY 10104
    Tel: 212-819-8200                            Tel: 212-390-9000
    gkurtz@whitecase.com                         pselendy@selendygay.com
    ahammond@whitecase.com                       challigan@selendygay.com
    jacqueline.chung@whitecase.com               adunlap@selendygay.com
    timothy.wilson@whitecase.com                 lkonanova@selendygay.com
                                                 oshine@selendygay.com

    *Counsel for Plaintiff Deutsche Bank*
    *Securities Inc.*                            *Counsel for Defendants Kingate*
                                                 *Global Fund Ltd. and Kingate Euro*
                                                 *Fund Ltd.*


SO ORDERED this  22  day of   July    , 2021
New York, New York

                                             _____
                                             HON. EDGARDO RAMOS
                                             United States District Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEUTSCHE BANK SECURITIES INC.,

    Plaintiff,

v.

KINGATE GLOBAL FUND LTD. and
KINGATE EURO FUND LTD.,

    Defendants.

Case No. 19-cv-10823

I, _____, state that:

1. My address is _____.

2. My present occupation or job description is _____.

3. I have received a copy of the Stipulation for the Production and Exchange of Confidential Information (the "Confidentiality Stipulation") entered in the above-entitled action on _____.

4. I have carefully read and understand the provisions of the Confidentiality Stipulation.

5. I will comply with all of the provisions of the Confidentiality Stipulation.

6. I will hold in confidence, will not disclose to anyone not qualified under the Confidentiality Stipulation, and will use only for purposes of this action, any Confidential Information or Highly Confidential Information that is disclosed to me.

7. I will return all Confidential Information or Highly Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information or Highly Confidential Information.

8. I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Confidentiality Stipulation in this action.

Dated: _____                                              _____