UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEUTSCHE BANK SECURITIES, INC.,

                Plaintiff,

– v. –

KINGATE GLOBAL FUND LTD. and
KINGATE EURO FUND LTD.,

                Defendants.

**ORDER**

19 Civ. 10823 (ER)

RAMOS, D.J.:

Deutsche Bank Securities, Inc. ("Deutsche Bank") brings this action against Kingate Global Fund Ltd. and Kingate Euro Fund Ltd. (together, the "Funds") for breach of contract and related claims. Doc. 7.[1] At issue is a signed 2011 confirmation letter stating that the Funds would sell certain allowed bankruptcy claims against the Bernard L. Madoff estate (the "Madoff Estate") to Deutsche Bank. *Id.* ¶ 1. Between 2009 and 2019, the Funds were engaged in an adversary proceeding commenced in the Bankruptcy Court for the Southern District of New York by the trustee of the Madoff Estate (the "Madoff Trustee") to claw back money from the Funds and to disallow certain of the Funds' claims against the Madoff Estate. *Id.* ¶¶ 13, 69-72. In 2009, shortly after the Madoff Trustee commenced the adversary proceeding, the Funds applied to the Commercial Division of the High Court of Justice in the British Virgin Islands to begin liquidation proceedings. *Id.* ¶¶ 3, 15, 71. The adversary proceeding settled in June 2019, and the Bankruptcy Court approved the settlement in August 2019. *Id.* ¶¶ 70-71. Meanwhile, in May

---

[1] The Court assumes familiarity with the facts and procedural history set forth in its March 26, 2021 Opinion and Order, Doc. 40, and will only set forth those facts necessary to decide the instant discovery motions.

2019, the Funds informed Deutsche Bank that they no longer considered the confirmation letter binding. *Id.* ¶¶ 65-66. Deutsche Bank's lawsuit followed.

On October 8, 2021, the Funds requested a Local Rule 37.2 conference to move to compel Deutsche Bank to produce three categories of documents in response to the Funds' first set of requests for production (RFPs) of documents: (1) Deutsche Bank's communications with non-party investors regarding the claims; (2) documentation of and practices relating to similar Deutsche Bank transactions; and (3) information relating to compensation for the Deutsche Bank employees who worked on the deal. Doc. 50. On October 29, 2021, Deutsche Bank also requested a Local Rule 37.2 conference to move to compel the Funds to produce the following documents requested in Deutsche Bank's first set of RFPs: (1) filings that the Funds' liquidators made to the court in the British Virgin Islands overseeing the Funds' liquidation proceedings; (2) documents and communications in possession of the Funds' British Virgin Islands counsel; and (3) documents and communications regarding the settlement of the adversary proceeding between the Funds and the Madoff Trustee. Doc. 53. On November 5, 2021, the Court held a telephonic conference on the parties' discovery disputes.

The Court now addresses the Funds' second request, seeking to compel Deutsche Bank to produce documents responsive to RFP Nos. 23-30 for documents relating to similar Deutsche Bank transactions, and Deutsche Bank's third request, seeking to compel the Funds to produce documents responsive to RFP No. 11 for documents and communications between or among the Funds, Deutsche Bank, and/or the Madoff Trustee regarding mediation, settlement, or resolution of the adversary proceedings.[2] The parties' remaining discovery motions have either been

---

[2] At various times throughout the adversary proceeding, Deutsche Bank communicated with the Funds about the status of the proceedings, requested the right to review and consent to any proposed settlement between the Funds and the Madoff Trustee, and requested to participate in mediations. *See* Doc. 7 ¶¶ 28, 34, 58-61, 64.

2

addressed on the record or are subject to further briefing.

## I. The Funds' RFP Nos. 23-30

The Funds request documents relating to Deutsche Bank's regular practice in buying and selling bankruptcy claims, including but not limited to other claims involving the Madoff Estate. They argue that such documents evidencing Deutsche Bank's practices in similar transactions are relevant to Deutsche Bank's understanding of the confirmation letter and to industry custom, as similar contracts are generally not publicly available.  11/05/2021 Hr'g Tr. at 14:8–16:11. Deutsche Bank opposes on the grounds that the requested documents are not relevant, and that the request is unduly burdensome, not proportional to the needs of the case, and not necessary to establish industry custom. *Id.* at 16:20–18:10.  The RFPs are as follows:

- RFP No. 23:  Documents sufficient to show Deutsche Bank's usual practices, policies, and procedures applicable to its purchase of bankruptcy claims.
- RFP No. 24:  Copies of preliminary or final agreements (including trade confirmations and purchase and sale agreements) executed by Deutsche Bank concerning bankruptcy claims against the Madoff Estate.
- RFP No. 25:  Copies of final agreements executed by Deutsche Bank concerning Deutsche Bank's purchase of bankruptcy claims.
- RFP No. 26:  From any time, Documents sufficient to show any transaction by Deutsche Bank in which Deutsche Bank acquired bankruptcy claims and for which more than 7 years passed between execution of the trade confirmation or final agreement and Deutsche Bank's receipt of the claims.
- RFP No. 27:  From any time, Documents sufficient to show any transaction by which Deutsche Bank acquired bankruptcy claims and for which more than 7 years passed between execution of the trade confirmation or preliminary agreement and the execution of the final agreement.
- RFP No. 28:  From 2011 to 2019, on an annual basis, Documents sufficient to show Deutsche Bank's interests in or related to the Madoff Estate.
- RFP No. 29:  From 2011 to 2019, on an annual basis, Documents sufficient to show the volume of Deutsche Bank's trades of bankruptcy claims.
- RFP No. 30:  From 2011 to 2019, on an annual basis, Documents sufficient to show Deutsche Bank's valuation of the bankruptcy claims it held against the Madoff Estate.

Doc. 50-1 at 10-11.

Although the scope of Rule 26(b) is not unlimited, relevance "has been construed broadly

to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor,* 329 U.S. 495, 501 (1947)). The party seeking discovery bears the burden of establishing relevance. *Fort Worth Employees' Retirement Fund v. JP. Morgan Chase & Co.,* 297 F.R.D. 99, 102-03 (S.D.N.Y. 2013) (citing *Trilegiant Corp. v. Sitel Corp.,* 272 F.R.D. 360, 363 (S.D.N.Y. 2010); *Mandell v. Maxon Co.,* No. 06 Civ. 460, 2007 WL 3022552, at *1 (S.D.N.Y. Oct. 16, 2007)).

The Funds represent that Deutsche Bank is "a regular participant in the market for distressed bankruptcy claims," Doc. 50 at 3, and as this Court previously noted in ruling on the Funds' motion to dismiss, "whether a more formal contract [than the confirmation letter] would normally be expected under prevailing industry conditions" is a question of fact that may not be determined at the motion to dismiss stage. *Deutsche Bank Sec. Inc. v. Kingate Glob. Fund Ltd.*, No. 19 Civ. 10823 (ER), 2021 WL 1163715, at *9 (S.D.N.Y. Mar. 26, 2021). The Funds further argue that expert reports and testimony are not the only method to establish industry custom and that any expert will require material on which to opine. 11/05/2021 Hr'g Tr. at 20:20–21:16. As the Funds point out, other courts faced with similar discovery motions have found a party's similar past transactions relevant to industry custom under the broad standard of Rule 26. *See U.S. Commodity Futures Trading Comm'n v. U.S. Bank, N.A.*, No. C13-2041, 2014 WL 5465808, at *3 (N.D. Iowa Oct. 28, 2014) (compelling production of documents relating to non-party customer accounts as evidence of defendant bank's practices, because "[w]hile U.S. Bank's practices may not be 'the gauge' for generally accepted custom and practice in the banking industry, it is at least *evidence* of the custom and practice."); *Crider, Inc. v. Convenience Food Sys., Inc.*, 2005

WL 8157607, at *3 (S.D. Ga. Aug. 15, 2005) (compelling response to interrogatory as to defendants' previous disputes regarding the food equipment industry as evidence of industry custom of awarding damages); *Warner Bros. Int'l Television Distribution v. Golden Channels & Co.*, 2003 WL 27384426, at *4 (C.D. Cal. Aug. 15, 2003) (compelling production of documents showing defendant's past practice in providing letters of credit to other content suppliers in connection with licensing of programming as evidence of industry custom).[3]

The Court finds this reasoning persuasive as applied to Deutsche Bank's practices in the market for bankruptcy claims and agrees that evidence of previous preliminary and final agreements in similar bankruptcy transactions bears on, or could reasonably lead to other matter bearing on, industry custom and practice regarding contract formation. Therefore, the Funds' motion to compel is granted, and Deutsche Bank is directed to respond to RFP Nos. 23, 24, 25, 26, 27, and 29. Deutsche Bank is not required to respond to RFP Nos. 28 and 30, as these RFPs are not generally relevant to questions of industry custom and practice or of contract formation.

## II.    Deutsche Bank's RFP No. 11

Deutsche Bank's RFP No. 11 seeks all documents and communications between or among the Funds, Deutsche Bank, and/or the Trustee regarding the mediation, settlement, or resolution of the adversary proceeding between the Funds and the Trustee. Doc. 53-1 at 16. The Funds responded that they would produce any non-privileged documents and communications between or among the Funds and the Trustee regarding Deutsche Bank's role in the adversary proceeding and between or among the Funds, Deutsche Bank, and the Trustee regarding mediation, settlement, or resolution of the adversary proceeding, but objected to the remainder of

---

[3] In its opposition to the first RFP, Deutsche Bank cites *Refco, Inc. v. Troika Inv. Ltd.*, No. 87 C 9272, 1989 WL 94326, at *5 (N.D. Ill. Aug. 4, 1989), for the proposition that "[i]ndustry custom and practice are not, by definition, a function of [plaintiff's] individual dealings with its other customers." Doc. 50-4 at 4. However, *Refco* involved plaintiff's duty to follow custom and usage as defined in the parties' contract. *Refco*, 1989 WL 94326, at *5.

5

the request as irrelevant, disproportionate, and unduly burdensome. Doc. 54-10 at 11. Deutsche Bank argues that these documents are relevant because if earlier settlement negotiations between the Funds and the Trustee broke down for some reason other than Deutsche Bank's failure to fund the settlement, then Deutsche Bank would not have been the but-for cause for failure of the settlement. 11/05/2021 Hr'g Tr. at 34:24–36:7; Doc. 53-3 at 1-2. The Funds argue that any other obstacles to the earlier settlement of the adversary proceeding are irrelevant to whether Deutsche Bank breached its obligation to fund the settlement, and that Deutsche Bank's failure to fund made settlement impossible, regardless of any other reasons settlement may have failed. *Id.* at 36:9–37:15.

The Court agrees with Deutsche Bank that evidence bearing on the mediation, settlement, or resolution of adversary proceeding between the Funds and the Madoff Trustee—and the reasons why an earlier settlement may have broken down—meets the broad standard of relevance of Rule 26. The Funds have raised Deutsche Bank's failure to fund the settlement as an affirmative defense, while Deutsche Bank argues that the confirmation letter required the Funds to deliver the allowed claims to Deutsche Bank, and therefore documents and communications concerning negotiations and/or other reasons the settlement may have been impeded are relevant as to whether and when the claims would have become allowed. *See* Docs 53 at 3, 53-3 at 1-2, 54 at 3-4.

### III. Conclusion

For the reasons stated above, the Funds' motion to compel Deutsche Bank to respond to RFP Nos. 23-30 is GRANTED, with the exception of RFP Nos. 28 and 30, and Deutsche Bank's motion to compel the Funds to respond to RFP No. 11 is also GRANTED. The Clerk of Court is

respectfully directed to terminate the motion, Doc. 53.

    SO ORDERED.

Dated:  November 10, 2021
         New York, New York

                                                  Edgardo Ramos, U.S.D.J.