Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York NY 10104
212 390 9000



March 21, 2022

<u>Via ECF</u>

The Honorable Edgardo Ramos
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re:   *Deutsche Bank Securities Inc. v. Kingate Global Fund Ltd., et al.*,
       No. 19-cv-10823-ER (S.D.N.Y.)

Dear Judge Ramos,

     Per Your Honor's Individual Practices and Local Civil Rule 37.2, we write on behalf of Defendants Kingate Global Fund Ltd. and Kingate Euro Fund Ltd. (the "Funds") to request a pre-motion discovery conference to address Plaintiff Deutsche Bank Securities Inc. ("DBSI") and six non-parties' (the "Investors")[1] refusal to produce relevant, non-privileged documents.

     In this breach of contract action, DBSI alleges that, in a "Confirmation Letter" of August 2011, the Funds agreed to sell DBSI claims they hold against the Madoff Estate (the "Claims"). *See* Compl., ECF No. 7, ¶ 1. At the same time, DBSI sold to the Investors participation interests in a future Purchase and Sale Agreement ("PSA") between DBSI and the Funds for sale of the Claims, *see, e.g.*, Ex. 1,[2] which was never executed. The Investors funded DBSI's litigation expenses in the parties' prior litigation over the Confirmation Letter, *Kingate Global Fund Ltd. v. Deutsche Bank Securities Inc.*, No. 11 Civ. 9364 (S.D.N.Y. Dec. 21, 2011) (the "2011 Litigation"), *see, e.g.*, Ex. 3, ¶ 3, and are funding DBSI's litigation against the Funds now, *see* Ex. 4.

     DBSI and the Investors are withholding some of their communications that are responsive to the Funds' document requests, Ex. 5, and non-party subpoenas, Ex. 6. Such communications are highly relevant, including to the Funds' allegations that if the Confirmation Letter was binding, then it included a condition for DBSI to execute a PSA and fund their settlement with the Madoff Trustee, neither of which DBSI did. *See* Answer, Aff. Defs., ECF No. 45, ¶ 45.

**I.   DBSI and the Investors Cannot Properly Assert the Common Interest Doctrine**

     DBSI and the Investors improperly invoke the common interest doctrine: DBSI to withhold

---

[1] Centerbridge Partners LP ("Centerbridge"), Farallon Capital Management LLC ("Farallon"), Glendon Capital Management LP ("Glendon"), Solus Alternative Asset Management LP ("Solus"), Stone Lion Capital Partners LP ("Stone Lion"), and Third Point LLC ("Third Point"). White & Case LLP represents DBSI and all six Investors. The Funds have also subpoenaed four other investors who are not the subject of this letter.

[2] ██████████████████████████████████████ *See* Ex. 2 at 1.

The Honorable Edgardo Ramos
March 21, 2022

84 documents,[3] the Investors to withhold an unspecified number, *see infra* Part II. In New York, that doctrine "is not an independent privilege but an exception to the general rule that communications shared with third parties" are not protected by attorney-client privilege. *Ambac Assur. Corp. v. Countrywide Home Loans, Inc.*, 27 N.Y.3d 616, 625 n.1 (2016). It applies only to communications among "parties who share a common *legal* (as opposed to business or commercial) interest" in pending or reasonably anticipated litigation. *Id.* at 622 (emphasis added).

      DBSI and the Investors never shared a common *legal* interest in any litigation over the Confirmation Letter, including the Chapter 15 Case and the present litigation. The Investors are not signatories to or third-party beneficiaries of the disputed Confirmation Letter, and DBSI did not assign them its rights under that agreement. If DBSI fails to acquire the Funds' Claims, the Investors will not suffer any legal harm, only lose a business opportunity under downstream agreements with DBSI. While DBSI and the Investors apparently entered a common interest agreement regarding this action (which they are withholding), *see* Ex. 10 at 1–2, it cannot create a legal interest where there is none, *Cohen v. Cohen*, No. 09 Civ. 10230, 2015 WL 745712, at *4 (S.D.N.Y. Jan. 30, 2015, and it would not cover communications regarding the 2011 Litigation or the Chapter 15 Case. Nor could the Investors rely on their funding of DBSI's litigations to invoke the doctrine. *See id.* at *2. The Investors' "ultimate interest" in the withheld communications is "merely a desire to ensure that… [their] own agreements" with DBSI materialize, which is insufficient to invoke the common interest doctrine. *Gulf Islands Leasing, Inc. v. Bombardier Capital, Inc.*, 215 F.R.D. 466, 472 (S.D.N.Y. 2003).[4] The Court should compel DBSI and the Investors to produce all relevant documents they withhold solely on common interest grounds.

## II.    The Investors Refuse To Comply With Basic Discovery Obligations Under Rule 45

      The Investors also refuse to comply with basic discovery obligations. *See* Exs. 11–12.

      *First*, the Investors produced only an aggregate privilege log, Ex. 13, which does not disclose which or how many documents each Investor is withholding as privileged. Ex. 14 at 5; Ex. 15 at 3. They also refuse to state how many documents in Categories Nos. 3, 4, and 5 of their log they withhold under only either the work product or attorney-client privileges, or how many documents in Category No. 3 post-date January 2014, when the 2011 Litigation was dismissed. Ex. 14 at 5; Ex. 15 at 3–4. Because the Investors' privilege assertions are inadequate without this basic information, the Court should compel them to produce these documents in full. *See Fleisher v. Phoenix Life Ins. Co.*, 2013 WL 42374, at *3 (S.D.N.Y. Jan. 3, 2013) (non-party "forfeited any claim of privilege or work product protection" because it "fail[ed] to provide a meaningful log"

---

[3] In Category 7 of its log of its own documents ("DBSI Log") and a separate log of its counsel Milbank LLP's documents ("Milbank Log"), DBSI withholds 62 and 76 documents, respectively, "concerning or leading up to" this litigation or the Funds' Chapter 15 petition in *In re: Kingate Global Fund, Ltd.*, No. 19-12853 (Bankr. S.D.N.Y.) (the "Chapter 15 Case"), *see* Ex. 7 at 6–7; Ex. 8 at 4–5. DBSI withholds 21 and 63 documents, respectively—84 total—under *only* the common interest and attorney-client privileges. *See* Ex. 9 at 1–2; Ex. 10 at 2.

[4] In *Gulf Islands*, Bombardier Capital ("Capital") claimed a common legal interest with Bombardier Aerospace ("Aerospace") in prior litigation against Gulf Islands Leasing, Inc. ("Gulf"). The court rejected that argument, as Capital's "ultimate interest in the [prior] dispute [between Gulf and Aerospace] was merely a desire to ensure that the sums owed by Gulf to Capital under its own agreements were paid," which was "commercial in nature," not legal. *Id.* at 472–73. That reasoning applies here.

that would "permit the opposing party and the court to evaluate" the assertions). At a minimum, the Court should compel the Investors to produce all documents in Category No. 3, which concern the 2011 Litigation—DBSI withholds *no* communications with Investors about that case, *see* Exs. 7–8, and ████████████████████████████████████████████████████████████████ Ex. 16 at 1.

*Second*, the Investors refuse to search for documents responsive to Requests Nos. 1(c), 1(d), 1(e), 2, 4, and 6 of the Funds' subpoenas, which seek documents centrally relevant to DBSI's claims and the Funds' defenses. *See* Ex. 11 at 4; Ex. 12 at 2. Requests Nos. 1(c), 1(d), 1(e) seek documents regarding the market value of the Funds' Claims over time, which are relevant to damages and to DBSI's shifting interpretations of the Confirmation Letter as market conditions changed. *See* Ex. 18 at 3–4; Ex. 19 at 2–3. Request No. 2 seeks documents concerning other transactions in bankruptcy claims against the Madoff Estate, which the Court compelled DBSI to produce because they "bear[] on, or could reasonably lead to other matter bearing on, industry custom and practice regarding contract formation." ECF No. 60 at 3–5. Requests Nos. 4 and 6 seek documents concerning this litigation or the litigations among the Investors regarding the Claims, which the Investors concede are relevant. They assert that such documents are equally available from DBSI, *see, e.g.*, Ex. 12 at 2 n.4, but the Investors cannot properly withhold any relevant documents on that basis and they ignore that this argument does not apply to their *internal* documents. *See In re Honeywell Int'l, Inc. Sec. Litig.*, 230 F.R.D. 293, 301 (S.D.N.Y. 2003) (rejecting non-party's refusal to produce documents that may be in a party's possession). The Investors also assert that the documents would be privileged, but they would not be covered by the common interest doctrine. *See supra* Part I. The Court should compel the Investors to search for and produce documents responsive to these Requests, not to withhold any such documents on grounds other than privilege, and to provide a log of any withheld privileged documents that complies with the Local Rules.

*Third*, the Investors refuse to employ search terms related to DBSI to collect responsive documents, Ex. 14 at 2–3; Ex. 15 at 2, despite using terms related to the Funds and the Madoff Trustee, *see* Ex. 20 at 3–9. The Investors' communications with DBSI are critical, as they could show (i) DBSI's understanding of the Confirmation Letter, and (ii) the requirements that DBSI execute a PSA and fund the Funds' settlement with Madoff Trustee. DBSI-related search terms will help identify those materials. The Court should compel them to use such terms, *see, e.g.*, Ex. 11, at 4 n.10 (listing DBSI-related search terms), to gather and produce documents.

*Fourth*, Centerbridge, Glendon, Solus, and Third Point refuse to use any search term related to the 2011 Litigation or the Chapter 15 Case, such as their docket numbers, to collect documents responsive to Subpoena Requests Nos. 3 and 5, which seek documents regarding those litigations. Ex. 14 at 2. Such documents are plainly relevant to this case, and these Investors did not object to the Requests on relevance grounds, saying instead that they would "produce non-privileged … documents" responsive to these Requests. *See, e.g.*, Ex. 17 at 9–10. The Court should compel them to use terms related to those litigations to gather and produce documents.

The Funds respectfully request that the Court schedule a pre-motion conference to hear and resolve these issues. The Funds cannot effectively depose witnesses until they receive all non-privileged documents exchanged between DBSI and the Investors.

The Honorable Edgardo Ramos
March 21, 2022

Respectfully submitted,

/s/ *Andrew R. Dunlap*
Andrew R. Dunlap

/s/ *Hugh M. McDonald*
Hugh M. McDonald[5]

cc:   Counsel of Record (via ECF)

---

[5] Pillsbury Winthrop Shaw Pittman LLP represents the Funds in enforcing their subpoena against Farallon and Perry Capital LLC. Selendy Gay Elsberg PLLC represents the Funds in this action in all other capacities, including against DBSI and the remaining investors subpoenaed by the Funds.